UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0111-TWP-DKL-1 |
| | ) | |
| JONATHAN NEILL, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On October 1, 2015, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on September 15, 2015. Defendant Neill appeared in person with his appointed counsel, William Dazey. The government appeared by William McCoskey, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Ryan Sharp.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Neill of his rights and provided him with a copy of the petition. Defendant Neill waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Neill admitted violations 1, 2, 3, 4, and 5. [Docket No. 76.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |

2          **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

3          **"The defendant shall refrain from any unlawful use of a controlled substance."**

On January 5, 2015, a urine sample was collected and the result was negative. However, the offender admitted using Suboxone without a prescription. The urine sample was sent to an independent laboratory for testing and confirmed positive for Buprenorphine. The offender was referred for drug treatment.

On January 29, 2015, a urine sample was collected and the offender tested positive again for Buprenorphine. He was referred to a medical doctor and received a prescription for Suboxone on February 14, 2015, due to his opiate addiction. Drug treatment was increased to include weekly group sessions.

The Court was previously notified of the conduct above in a Report on Offender Under Supervision filed April 30, 2015.

On July 17, 2015, the offender tested positive for amphetamines and marijuana and he admitted using Adderall and marijuana two days earlier. The offender's therapist was notified and treatment sessions were increased.

On August 5, 2015, probation officers conducted a search of the offender's residence in Bloomington. Probation officers found digital scales, a pipe and other drug paraphernalia. The offender's cellular phone reflected activities related to purchasing and using controlled substances (pills) for personal use. A urine sample was collected and the defendant state he used Adderall recently and marijuana on July 18, 2015. The results of the urine sample were positive for marijuana and amphetamines. Subsequent testing has been negative.

4          **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment in accordance with his/her ability to pay."**

>  The offender missed two substance abuse group counseling sessions on July 8 and 15, 2015. On July 17, 2015, the probation officer confronted the offender about missing group. Mr. Neill stated he really did not get anything out of group sessions, so he quit going. He was instructed to resume treatment and did so promptly.

   5. **The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.**

   >  On August 5, 2015, the defendant's cellular phone indicated he had been having contact with felons, including co-defendant Jamie Smith (1:13CR00111-002).

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is IV.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months' imprisonment.

5. The parties jointly recommended a modification to Defendant Neills's current conditions of supervised release to include home detention with electronic monitoring for a period of six (6) months.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be modified to include home detention with RF monitoring for a period of 6 months.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 10/02/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal